We'll proceed to the fourth case of the day, Williams v. Jaffe, 18-2726. May it please the Court, good morning, my name is Bert Zajcik and I represent the creditor Laverne Williams. She's here today asking that this Court reverse the district court regarding a bankruptcy matter. She had wanted the bankruptcy court. We're dealing with a very narrow issue, we contend, one that the briefs are very short because it is such a discreet point. It's simply a question of statutory interpretation based on what the statutes themselves say expressly and the point is to look at what the federal bankruptcy exemption says for tenancy by the entirety property and then, because it incorporates state law, to look at what the state exemption says and then apply it to the facts. It's our contention that the district court, when it reversed the bankruptcy court in a history of cases that agreed with the bankruptcy court, simply made a mistake. It focused on the wrong part of the statute or, perhaps more notably, didn't focus on the last part of the statute and the statute that we're talking about pertains to tenancy by the entirety property and whether somebody's contingent future interest in that property receives an exemption under the federal bankruptcy exemption, which incorporates the protections and limitations of the state bankruptcy exemption for tenancy by the entirety. Is there a certain statutory canon that you're relying upon for purposes of the interpretation of the statute that you're advancing? Well, the canon, the interpretation canon that we're relying on is what the statute says expressly. The statute says that if you have, the federal statute says, and I'll try to make sure I get this right, if you have an interest in tenancy by the entirety, and I'm paraphrasing, that interest is exempt to the extent that it is exempt under state law. I think that that's why we say this is simply a question of read the statute the way that it's interpreted. You look at it and you say, okay, what does the state law exempt? State law is specifically limited to giving an exemption to property that is held in tenancy by the entirety. And as everybody, I think, acknowledges, eventually, tenancy by the entirety property ceases to be held that way. It will change because of death, divorce, or even obtaining a new residence. And here, unfortunately, the quality or the ownership changed because of death of the Apolli's wife. At that point, the property stopped being tenancy by the entirety, and that's the crucial distinction. State law exempts property that's held in tenancy by the entirety. Mr. Zajac, let me ask you a practical question about this. If I understand your interpretation of Illinois law's effect here, your client, from the outset, had kind of wildly different possible outcomes in this case. If the debtor's spouse had died first, nothing, correct? Correct. The lien would be worthless. Well, maybe I don't understand that statement. The debtor's spouse did die first. I'm sorry. If the debtor dies first in that couple, then there would be nothing. Correct. The lien would attach to nothing, correct? Correct. Okay. And then it would mean that whoever holds the lien has a great interest in either the divorce of the couple, or they're selling the house, or having the debtor die second, be the survivor, right? It does. And does that make sense? Well, it does if you think about what the express purpose of the statute for tenancy by the entirety is intended to do, focusing on what it says, which is there is a prohibition on forcing the sale of the property. So it protects the non-debtor spouse from being forced out of her home. Correct. And it also protects the debtor through what you could say is a quirk for a limited type of ownership, the issue that any other creditor is also faced with similar issues when they're trying to collect. There are exemptions. There are rules that can block a creditor from collecting a judgment besides just this one. Mr. Jaffe's counsel has argued that if we agree with you, we create an incentive to keep certain bankruptcy matters open indefinitely. Would you address that? I disagree with that. It does not do anything. The point is that during the case, and perhaps even after it's closed, you could come back and reopen it, a debtor asks the court to, under Rule 522L, to address an existing lien that's on property. And that's what happened here, and it's what would happen in any case if the lawyers are paying attention. And the court was focused at the time on what the issue was and said, you're right, you do not have, there is no right to take this property away, but the lien will not be avoided because there is a future contingent interest that could arise. It did. So is the debt not discharged then? The debt is the personal liability. The discharge pertains to personal liability against the person. We can't never proceed against that individual. But assets that they hold are still attached. So the lien would survive? The lien did survive. That's what even the district court agreed, that the lien survived. If I recall correctly, the bankruptcy court took your position completely. It did. And it was a long line of cases. China Soren, Yotus, in which one of the bankruptcy judges who previously held the view of Mr. Jaffe changed his mind as time went on. And I think that that's a natural progression. The inclination is to look at this and say, wow, this is really something that you would not have expected could happen under the bankruptcy code. But when you think about the different types of ownership of property, anybody else, if you have property as tenants in common or joint tenancy to a degree, you're not prohibited from enforcing that judgment as soon as you get it. It's only tenancy by the entirety. It's a very valuable asset and one which ultimately could have proven, under different circumstances, to have entirely avoided any collection activity at all if Mr. Jaffe had died first. But I think that if you focus on what the statute says, it says exactly what the bankruptcy court said and what we're saying it says. You have to focus on the fact that it says that it exempts an interest to the extent that interest is exempt under state law. And the only thing that state law exempts is tenancy by the entirety. And I think it would create a perverse situation if owning that property as tenancy by the entirety meant that you could never be collected against because it would really create a completely distinct world for anybody that was a debtor that owned property as tenancy by the entirety vis-a-vis the people that are debtors that are owning property any other way. And I think Illinois legislators created their statute. They chose their words very carefully and they said it applies to real property  and I see if I'm going to keep my rebuttal, I have expired. Thank you. Precisely. Thank you very much, Mr. Zajac. For the debtor, Mr. Rosenfield. Thank you, Your Honors. May it please the Court. My name is Stephen Rosenfeld and I'm here on behalf of the appellee, Scott Jaffe. This matter turns on the clear language of federal law, not the state law. It's the federal law's application of certain state law principles. It's the clear language of Section 522B3B of the Bankruptcy Code. That section exempts property from the estate, exempts from property of the estate any interest in property that the debtor holds as a tenant by the entirety. You skipped the key phrase, to the extent. Well, let's look at that statute because I think that is where the bankruptcy court made an error and that's what Judge Starr discussed. If you look at Section 522B3B, it starts out by saying any interest. And here, that's both the fee simple interest, the present interest, and also the contingent future interest. Then it goes on, in property in which the debtor had immediately before the commencement of the case an interest as a tenant by the entirety. So here, that would be the Highland Park property. And then the language Your Honor just mentioned. To the extent that such interest as a tenant by the entirety is exempt from process under applicable non-bankruptcy law. And here, the interest in property as a tenant by the entirety is exempt under 735 ILCS 5-12-112 because this particular debt is against Mr. Jaffe individually and not the husband and wife. Which means that Illinois law exempts from process the tenancy by the entirety interest against the debt. If there's a tenancy, if you can exempt from execution the debt under the Illinois tenancy by the entirety law, what the federal statute says is that that property and any interest in that property is exempt under the bankruptcy code. Right. But you're rewriting the state statute. You're writing it as if to make it closer to the Indiana statute. Because the Illinois statute only says that it shall not be sold upon judgment against only one of the tenants. I don't think, Your Honor, I need to rewrite the Illinois statute. Because in the bankruptcy context, it's the federal statute that applies, which is 522B3B. And that says to the extent state law exempts the property from process, it's exempt. So we turn back to the state statute and it's limited to sale. I guess I would disagree with the court's interpretation and maybe we can walk through it a little bit. That's why we have these discussions. Absolutely, Your Honor. Maybe I can move it along just a little bit on that front. You began by saying it was clear, respectfully, the bankruptcy court's going one way, district court's going another. The counsel had different interpretations of it. Narrowly construed, as I understand the federal statute dispute, it's whether the phrase such interest modifies that broad reach of any interest or modifies or refers back to the TBE. That's exactly right, Your Honor. And I think that when you look at the statute, such interest in the third clause of the statute could not relate back to any interest because what it says is such interest as a tenant by the entirety. And what that modifies is the interest as a tenant by the entirety. It doesn't modify the other interest. And if you talk about statutory interpretation. How do you just say that? Try it again. It didn't make sense. Sure. So the statute starts off by saying any interest. Right. Then it says in property in which the debtor had immediately before the bankruptcy a tenancy by the entirety interest. Then it says to the extent such interest modify is such interest as a tenant by the entirety. So it necessarily modifies the immediately preceding clause, the interest in the tenancy by the entirety would exempt from process under the applicable non-bankruptcy law. Now rather than differing judges because you've got a bankruptcy judge, district judge, three appellate judges all viewing this language, is there a statutory canon of instruction or some type of external objective authority to which we should look in support of your position? I believe that the Supreme Court in the TRW case counseled that it's a cardinal practice of statutory construction that a statute ought, upon the whole, to be so construed that if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant. It's an interesting point because among other folks, Judge Posner of this court, Justice Kavanaugh, and a number of professors who've studied the way statutes actually get drafted show us that surplusage is actually very common. People put belts and suspenders in statutes because they don't want the courts to mess them up. And one of the ways we mess them up is by pretending that there couldn't possibly be any surplus. Well, Your Honor, I think that if you look at this statute in particular, it's pretty clear that if you take out the word any from the statute, which is basically what the appellant wants to do, it does change the meaning. And there has to be a reason for that word any interest. Especially in contrast to the word such, for example, both as modifiers of interest? That's exactly right. Later in the statute, it says such interest, referring to the interest by a tenancy of the entirety. But at the beginning, it's very clear. It doesn't say that the tenancy by the entirety interest is exempt. It says any interest. And the only reason for that word any is that the statute applies to the entire property. And there's a reason for that. There's a reason for that from a policy perspective, and that's to give a debtor a fresh start. And as we mentioned in our brief and as the court referred to, my client's wife died post-petition. And if we were to say that that had an effect, that that changed something, that that would basically go against a number of basic bankruptcy principles. Your client is still entitled to the homestead exemption, correct? My client is still entitled to a homestead exemption. Which is what the Illinois legislature provided to protect a debtor's residence, right? That is correct, sir. But the Illinois legislature also has an exemption for tenancy by the entirety, and it's an unlimited dollar exemption for property held as tenancy by the entirety. And you have to look at the estate as of the date of the petition. All bankruptcy statutes, the 541, which is what is the property of the estate, looks to the date of the petition. 522, which is the exemption statute, talks about the petition date. If you look at the Bradbury case, which we cited in our brief, which is the Eastern District of Virginia, it deals with very similar facts. How about the statutes? Well, it would deal with 522. But the state statute holds the key here. The state statute in conjunction with the federal statute, I think, holds the key. And you're right. Other state statutes are different, which is why I'm focusing primarily on the application here of the state statute to the federal law and the clear, what I believe to be clear, obviously the bankruptcy judge disagreed, statement that the Congress's use of any interest is different than such interest. And any interest, when you look at it in terms of property, talks about both present interest and contingent future interest. So it's our contention, I notice I only have a few seconds left, that because of that, Judge Starpe was correct in stating or reversing the bankruptcy court's opinion. He was correct in stating that this statute exempts both the present interest and also the contingent future interest, and therefore the lien was properly avoidable under 522 F1A.  Okay, thank you very much, Mr. Rosenfeld. Rebuttal, Mr. Zajac? I think the key is to look at the word such in the statute. It's there, it means something. If the word was replaced with an, so that any interest is exempt in tenancy by the entirety property to the extent that an interest is exempt,  they would be entirely in the right, and we never would have gotten to this stage, but the word itself is such. And I think that the only correct interpretation to read that meaning, or the correct way to read that, is to say that if your interest is exempt under state law, it's exempt under federal law. And I think that there's actually a policy reason behind it to get to the larger point, which is, A, you don't want the federal government telling the states what it is that's going to be exempt under state law, or under any law. They have chosen expressly to say that the states get to decide, and when you look at what the state did, it exempted only tenancy by the entirety property, and not something that it would become later. That's very normal in Illinois law, both from this court's perspective and Illinois courts, that property does change character. And I think that if the goal had been to exempt forever any contortion of the property, or any permutation of what it became, the statute could have been written much differently. Obviously, that's true of everything, and you'd never have an argument about statutory interpretation if that didn't come up from time to time. But the state statute itself says that only tenancy by the entirety property is protected or can't be sold. And it's a very valuable asset, a very valuable exemption. Thank you. Thank you. All right. Thank you, counsel. The case will be taken under advisement.